LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Plaintiff
Keith Tai Wong

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>Michael E. Stone<br><br>Debtor.<br><br>Keith Tai Wong<br><br>Plaintiff<br><br>Vs.<br><br>Michael E. Stone, Katherine Leffler, and Jonathan Leffler,<br><br>Defendants | CASE No. 18-50095-MEH<br><br>Chapter 7<br><br>**COMPLAINT FOR: NONDISCHAREABILITY OF DEBTS PURSUANT TO 11 U.S.C §§ 523AND 727, QUIET TITLE, FRAUDULENT CONVEYANCE** |

Keith Tai Wong complains of Defendants as follows.

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to the

provisions of 28 U.S.C. § 1334 and the referenced order of the United States District Court for the Northern District of California.

2. This adversary proceeding relates to the Chapter 7 case of Michael E. Stone, Chapter 7 bankruptcy Case No. 18-50095-MEH, filed by Defendant on or about January 16, 2018, the United States Bankruptcy Court for the Northern District of California. The case is now pending in this same court.

3. As to the actions filed under 11 USC §§ 523, 727, this matter is a core proceeding pursuant to 28 U.S.C. §§ 157.

4. Venue is proper in this Court pursuant to 28 U.S.C § 1409.

5. Plaintiff submits to entry of a final judgment by this court.

## II. SUMMARY OF STATE COURT MATTER

6. Defendant Michael Stone is a licensed attorney with decades of legal experience.

7. In 2013, Plaintiff, by and through counsel, caused a complaint to be filed against Defendant Michael E. Stone in Santa Clara County Superior Court. The complaint was titled <u>Wong v. Stone</u>, Santa Clara County Superior Court case number 2013-1-CV-251454 (hereinafter "State Court Matter").

8. The State Court Matter proceeded to trial. On or about December 22, 2017, a judgment was awarded therein.

9. The State Court Matter judgment includes a judgment for Intentional Misrepresentation in the amount of $35,000 against Defendant Michael Stone.

## III. SUMMARY OF RELEVANT BANKRUPTCY MATTER FACTS

10. At all relevant times, Defendant Michael E. Stone had title to a property known commonly known as 127 Abby Court in Santa Cruz, California.

11. On or about December 12, 2017, defendant Michael E. Stone caused a deed of trust

2

1     to be placed upon the Abby Court property, encumbering it with $83,000 of debt.

2         12.     Question 18 of the Statement of Financial Affairs of Defendant Michael Stone requires said defendant to disclose whether, within two (2) years before filing bankruptcy, he transferred, including transfer by granting a security interest, any property to anyone other than in the ordinary course of business or financial affairs.

        13.     Defendant Michael E. Stone did not disclose, in his bankruptcy petition, the fact that some five weeks before filing his bankruptcy, he had transferred away an $83,000 security interest in the Abbey Court property.

        14.     In response to question 18 of the Statement of Financial Affairs, Defendant Michael Stone disclosed that he transferred away his interest in a property commonly known as 220 Frogsong Way in Watsonville, CA. In response to the same question, Defendant Michael Stone disclosed the value of the property transferred as "$0.00".

        15.     According to Defendant Michael Stone's response to question 18 of the Statement of Financial Affairs, he transferred his interest in the Frogsong property on January 5, 2018. This was eleven (11) days after a judgment was entered in the State Court Matter against Defendant Michael Stone, and some two (2) weeks before defendant Michael Stone filed his bankruptcy. The transfer was to defendants Kate Leffler and John Leffer.

        16.     On information and belief, the value of the Frogsong Way property, when Michael E. Stone transferred it away, was in excess of $1.35 million. Furthermore, on information and belief, it was encumbered by a deed of trust of no greater than $500,000.

        17.     According to public records, on or about November 30, 2015, Defendant Michael Stone sold a property commonly known as 221 Ventana way in Aptos, California, for the sum of $1,475,000.

        18.     According to public records, one year prior to selling the Ventana Property, defendant Michael Stone took a loan of $40,000 on this property.

        19.     On information and belief, at the time Defendant Michael Stone sold the Ventana property, he had approximately $500,000 of equity in the Ventana property.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

## IV. FIRST CAUSE OF ACTION
## DENAIL OF DISCHARGE OF CERTAIN DEBTS
## PURSUANT TO 11 USC §523

20. Plaintiff incorporates by reference all paragraphs cited above.

21. A portion of the debt of Defendant Michael Stone to Plaintiff – specifically the debt in the amount of $35,000 - was adjudged to have, and arose from, fraud or willful and intentional misrepresentation. This debt, therefore, is not dischargeable pursuant to, *inter alia*, 11 USC §523(a)(2)(A).

## V. SECOND CAUSE OF ACTION
## DENAIL OF DISCHARGE OF ALL DEBTS
## PURSUANT TO 11 USC §727

22. Plaintiff incorporates by reference all paragraphs cited above.

23. In connection with this bankruptcy case, Defendant Michael Stone made a false statement under oath, of has failed to explain satisfactorily, the loss of equity resulting from the deed of trust that he allowed to encumber the property on Abbey Way some five (5) weeks prior to the filing of the instant bankruptcy. Therefore, all debts of Defendant Michael Stone are not dischargeable pursuant to 11 USC §727(a)(4)(A) and (a)(5).

24. In anticipation of this bankruptcy case, Defendant Michael Stone transferred, with intent to defraud creditors and the estate, his interest in the Frogsong property. Therefore, all debts of Defendant Michael Stone are not dischargeable pursuant to 11 USC §727(a)(2).

25. Defendant Michael Stone has failed to explain, in his bankruptcy petition, exactly how the sales proceeds of the Ventana Property were used up within two years. Therefore, all debts of Defendant Michael Stone are not dischargeable pursuant to 11 USC §727.

## VI. THIRD CAUSE OF ACTION
## FRAUDULENT CONVEYANCE

26. Plaintiff incorporates by reference all paragraphs cited above.

27. Prior to the filing of this bankruptcy, and with full knowledge of Plaintiff's claims against him, Defendant Michael E. Stone conveyed away his interest in the Frogsong Property.

28. On information and belief, this conveyance was not for full value, and was made solely for purposes of hiding this asset from the claim of Plaintiff herein.

## VII. FOURTH CAUSE OF ACTION
## QUIET TITLE

29. Plaintiff incorporates by reference all paragraphs cited above.

30. Pursuant to California law, a plaintiff in a fraudulent conveyance cause of action can assert a title claim as to the property fraudulently conveyed away. Kirkeby v. Superior Court, 33 Cal.4th 642 (2004).

31. As alleged hereinabove, on information and belief, Defendant Michael Stone fraudulently conveyed the property commonly known as 220 Frogsong way in Watsonville, CA 95076, and more specifically described as:

APN: 049-022-22-000

Map 049/022 located in County of Monterey, State of California.

32. A dispute exists between Plaintiff, on one hand, and all defendants, on the other hand regarding this property. Plaintiff asserts that the true and equitable owner of this property is defendant Michael Stone, and that the equitable ownership rights of defendant Michael Stone are subject to claims of Plaintiff herein. On information and belief, Defendants assert that the true and equitable owners of this property are defendants Katherine Leffler, and Jonathan

Leffler, and the legal and equitable rights of these defendants in said property are not subject to claims of Plaintiff.

## VIII.  PRAYER

33.  Wherefore, Plaintiff prays for relief as follows:

34.  <u>For the first cause of action</u>, for declaratory relief in the form of a judgment decreeing that the debt of defendant Michael Stone to Plaintiff, in the amount of $35,000 shall not be discharged in this bankruptcy,

35.  <u>For the second cause of action</u>, for declaratory relief in the form of a judgment decreeing that none of the debts of Defendant Michael Stone be discharged,

36.  <u>For the third and fourth causes of action</u>, for declaratory relief in the form of a judgment decreeing that the entirety of legal and equitable title in the property commonly known as 220 Frogsong Way is held by defendant Michael Stone,

37.  <u>For all causes of action,</u> for attorney fees, court costs, and any other monetary and equitable relief as the court may deem proper.

DATED: April 3, 2018                THE FULLER LAW FIRM, PC


                                     By:  /s/ Sam Taherian_____
                                          SAM TAHERIAN
                                          Attorneys for Debtor(s)

6

**VERIFICATION**

I, Keith Tai Wong, declare and say:

I am the Plaintiff herein. I have personally read the contents of the attached Complaint. I have personal knowledge of all of the foregoing, and if called to testify, I would, and could, competently and truthfully testify to the foregoing. I believe all of the foregoing is true and correct to the best of my knowledge, except as to those matters asserted on information and belief. As to those matters, I believe them to be true.

Executed in San Jose, California on April 3, 2018.

/s/ Keith Tai Wong
Keith Tai Wong