## ATTORNEY'S FEE AGREEMENT

### LAW OFFICES OF MICHAEL E. STONE
3425 South Bascom Avenue, Suite I
Campbell, CA 95008

THIS ATTORNEY'S FEE AGREEMENT is entered into by and between TAI WONG, ( "Client") and MICHAEL E. STONE ("Attorney").

1.    **SCOPE OF AGREEMENT**

Client hires Attorney to provide legal services to Client in connection with the following matter:

To file and prosecute a judicial foreclosure of Clients' note and deed of trust against 20940 Stevens Creek Blvd., Cupertino, Calif, from Ching-Chen Lin (aka Jason Lin).

2.    **DUTIES OF ATTORNEY AND CLIENT:**    Attorney will provide those legal services reasonably required to represent Client in the matter described above. Attorney will also take reasonable steps to keep Client informed of significant developments and to respond to Client's inquiries. Attorney is empowered to file such legal action as Attorney deems advisable, and to negotiate a compromise of the matter. At Attorney's sole discretion, Attorney may associate such other attorneys in the representation of Client as Attorney deems appropriate.

Client shall be truthful with Attorney, cooperate with Attorney, keep them informed of developments, perform the obligations it has agreed to perform under this agreement, pay Attorney's bills in a timely manner, and keep Attorney apprised of its address, telephone number and whereabouts.

3.    **FEES:**    Client agrees to pay for legal services at the following rates: for a principal's time, $350.00/hour; for an associate's time, $300.00/hour; for a paralegal's time, $75.00/hour. Rates are subject to periodic change as provided below. Attorney will assign personnel to Client's matter as needed in Attorney's judgment. Attorney bill in units of .10 hours, with a minimum charge equal to .25 hours on all correspondence and telephone calls. Client is primarily responsible for payment of fees and costs, including situations where the court orders the adverse party to pay all, or a portion of, Client's fees and costs. In the event of receipt from the adverse party by Attorney of some part of the fees and costs charged, a prompt credit to the account of Client will be made and refund of any credit balance given.

4.    **PERIODIC CHANGES IN RATES AND CHARGES:**    Attorney shall have the right to change the rates and charges not more than once each calendar year. Client will be given not less than thirty (30) days notice of any changes. Client will be presumed to have agreed to the new

**KTW 1395**

rates if Client does not discharge Attorney within the thirty (30) day period.

5.    **COSTS AND EXPENSES:**    Client shall reimburse Attorney for all actual costs and expenses incurred by Attorney, including, but not limited to, the following: sheriffs', marshals', and process servers' fees, filing fees and other charges assessed by Courts and other public agencies, court reporters' fees, jury fees, witness fees, long distance telephone calls, electronic mail, messenger and other delivery fees, postage, photocopying at $0.15 per page, facsimile copies at .75 per page, parking, travel expenses (including air fare, lodging, meals, and ground transportation), actual charges for outside assisted legal research, charges for computer research time, clerical staff overtime, investigation expenses, consultants' fees, and other actual costs.

Attorney will itemize all costs incurred on each periodic statement.

Client authorizes Attorney to incur all reasonable costs and to hire any investigator, appraiser, and/or consultant reasonably necessary in Attorney's judgement.

6.    **MINIMUM FEE/RETAINER:**    This contract will not take effect unless Client pay Attorney a $5,00.00 retainer, payable upon execution. Of the deposited sum, $1000.00 shall constitute Attorney's minimum fee, paid in consideration of Attorney's agreement to represent Client and of Attorney's time and efforts to date. No portion of the minimum fee will be refunded to Client. Hourly charges and costs will be credited against the entire retainer until it is exhausted.

Whenever the retainer is exhausted, or falls below the minimum fee amount, Attorney shall have the right to demand further deposits from Client, each in an amount not to exceed Attorney's best estimate of fees and charges to be incurred during the next 6 months, and Client agrees to pay all such further deposits within thirty (30) days of Attorney's demand.

All further deposits shall be held and applied by Attorney in the same manner as the initial retainer. Any unused retainer above the minimum fee shall be refunded to client at the conclusion of Attorney's services.

7.    **STATEMENTS:**    Attorney shall send Client a monthly statement for fees and costs incurred on a monthly basis. Client shall pay Attorney's statements within thirty (30) days after each statement's date. If Attorney is holding a retainer from Client, Attorney's statement will indicate what portion of the sums due have been paid out of the retainer, and what portion, if any, are then due and owing from Client to Attorney.

Attorney's statements shall clearly state the basis thereof, including the amount, rate and basis for calculation of Attorney's fees.

If Client fails to get a monthly statement, upon request Attorney shall provide a bill to Client, no later than ten (10) days following the request. Client is entitled to make subsequent requests for bills at intervals no less than thirty (30) days following the initial request.

8.    **DELINQUENT ACCOUNTS:**    All costs advanced and fees incurred are due and

**KTW 1396**

payable within thirty (30) days of tender of a statement of charges. Client shall pay Attorney interest at the rate of one percent (1%) per month on all account balances not paid within thirty (30) days after tender of a statement. Should Attorney initiate collection proceedings or file suit to recover outstanding fees or costs, Client agrees to pay, in addition to fees and costs then due, all costs and expenses incurred in such collection effort, including reasonable Attorney's fees.

9.    **DISCLAIMER OF GUARANTEE:**          Attorney has made no promises or guarantees to Client about the outcome of Client's matter, and nothing in this contract shall be construed as such a promise or guarantee. All statements made in this regard are acknowledged by Client to have been Attorney's statement of opinion only.

10.    **DISCHARGE AND WITHDRAWAL:**    Client may discharge Attorney at any time upon reasonable notice, but agrees to pay Attorney the full minimum fee, or the full contingency fee as hereinabove stated, unless otherwise agreed in writing by Client and Attorney. Attorney may withdraw for good cause. Among the facts constituting good cause are Client's breach of this contract, Client's refusal to cooperate with Attorney or to follow his advice on a material matter, or any fact or circumstance that would render Attorney's continuing representation of Client unlawful or unethical. Attorney and Client each agree to sign any documents reasonably necessary to complete Attorney's discharge or withdrawal.

11.    **LIEN:**    Client hereby grants Attorney a lien on any and all causes of action Client may assert in any court action brought by Attorney on Client's behalf under this contract. Attorney's lien will be for any sums due and owing by Client to Attorney at the conclusion or termination of Attorney's services. The lien will attach to any recovery Client may obtain in the court action, whether by judgment, settlement or otherwise.

12.    **TERMINATION OR CONCLUSION:**    Upon the termination or conclusion of Attorney's services, all unpaid charges for services rendered and costs incurred or advanced through the termination or conclusion date shall become immediately due and payable.

13.    **SETTLEMENT:**    While Attorney is authorized by Client to negotiate a settlement of Client's claims, no settlement of any nature shall be made by Attorney without the approval of Client, nor by Client without the approval of Attorney.

14.    **ARBITRATION:**    By his initials hereto, Client agrees to submit any fee dispute with Attorney to binding arbitration before a retired judge available for such alternate dispute resolution (such as J.A.M.S./Endispute), to be selected by the parties or appointed by the presiding Judge of the Santa Clara County Superior Court upon application of either party if they cannot agree. Judgment upon the arbitration award rendered may be entered in any court. The parties shall each pay one-half of the arbitrator's fees, subject to being awarded recovery of the same in addition to any other recovery awarded.

CLIENT IS HEREBY PUT ON NOTICE: By initialing below you are agreeing to have any fee dispute arising out of the Attorney's services rendered on your behalf decided by neutral arbitration as provided by California law and you are giving up any rights you might possess to have

**KTW 1397**

the fee dispute litigated in a court or jury trial. You are also giving up your judicial rights to discovery and appeal. If you refuse to submit to arbitration after agreeing to this provision, you may be compelled to arbitration under the authority of the Code of Civil Procedure. Your agreement to this arbitration is voluntary.

CLIENT HEREBY ACKNOWLEDGES THAT SHE HAS READ AND UNDERSTANDS THE FOREGOING AND AGREES TO SUBMIT ANY AND ALL FEE DISPUTES WITH ATTORNEY TO NEUTRAL, BINDING ARBITRATION.

Client's initials _KTW_

15. **PROFESSIONAL LIABILITY INSURANCE:** Attorney has disclosed to Client that Attorney no longer carries liability insurance policy coverage, but is self-insured in accordance with the requirements of the State Bar Association.

16. **WRITTEN CONTRACT REQUIRED BY LAW:** This document constitutes the written fee agreement between Attorney and Client required by California Business and Professions Code Section 6148. Client shall be presumed to have agreed to all of the provisions set forth in this contract unless Client notifies Attorney in writing of Client's objections within fifteen (15) days of the date of this contract.

17. **ENTIRE AGREEMENT:** This instrument embodies the whole agreement of the parties. There are no promises, terms, conditions, or obligations other than those contained herein; and this agreement shall supersede all previous communications, representations, or prior agreements, oral or written, between the parties.

This Agreement is entered into, and is to be performed, in the City of Campbell, State of California on _March 21_, 2011.

Attorney:

_Michael Stone_

MICHAEL E. STONE

Client:

_Tai Wong_

TAI WONG

Case: 18-05014    Doc# 13-2    Filed: 11/20/18    Entered: 11/20/18 12:12:49    Page 4 of 4

KTW 1398