Michael E. Stone
1726 Seabright Ave.
Santa Cruz, CA 95062
Tel: (831) 713-5773
Fax: (831) 713-5797
mike@stonesiegel.com

Defendant Pro Se

UNTIED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | AP Case No. 18-5014 MEH |
|     MICHAEL E. STONE | Chapter 7 |
|     Debtor | |
|     _____/ | DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO AMEND |
| KEITH TAI WONG | |
|     Plaintiff, | Hearing Date: January 14, 2019 |
|     v. | Time: 10:00am |
| | Judge: Honorable M. Elaine Hammond |
| MICHAEL E. STONE, | |
|     Defendant. | |
|     _____/ | |

## A. INTRODUCTION

While there is a liberal standard applied in motions for leave to amend a complaint, a party does not have an absolute right to do so. Sherman v. Winco Fireworks, Inc. (2018) 532 F.3d 709, 715. And among the grounds under which a court may deny a motion to amend are "undue delay, bad faith on the part of the moving party, futility of the amendment and unfair prejudice to the opposing party." United States ex rel Joshi v. St. Luke's Hospital, Inc. (2006) 441 F.3d 552, 557. Defendant submits that the two proposed amendments by Plaintiff would be both futile and a waste of judicial resources if granted, as a FRBP 7012 (motion to dismiss) would be required to be filed, heard, and decided. Defendant's reasoning follows.

## B. PLAINTIFF'S PROPOSED SECOND CAUSE OF ACTION

In Plaintiff's proposed Second Amended Complaint, the Second Cause of Action, titled

1

Case: 18-05014    Doc# 17    Filed: 01/03/19    Entered: 01/03/19 15:24:36    Page 1 of 5

"Denail [sic] of Discharge Of Certain Debts Pursuant To 11 USC §523," the allegation is that the language in Defendant's fee agreement regarding professional liability insurance was false and that Plaintiff "was left with no remedy against an insurance carrier" "after Defendant committed malpractice." The proposed pleading attaches, as Exhibit "A," a copy of the 2011 fee agreement. And paragraph 15, titled "PROFESSIONAL LIABILITY INSURANCE", clearly states: "Attorney has disclosed to Client that Attorney no longer carries liability insurance coverage, but is self-insured in accordance with the requirements of the State Bar Association."

Defendant submits that there is nothing misleading about the contract language, and certainly nothing to reasonably lead anyone to believe that there would be a "remedy against an insurance carrier" (quoted from proposed cause of action). On its face, the proposed pleading amendment would be futile and subject to a Rule 7012 motion. Defendant disclosed that he had no professional liability insurance and was "self-insured." Wikipedia defines self-insurance as "a situation in which a person does not take out any third party insurance. The essence of the concept is that a business that is liable for some risk, such as health costs, chooses to 'carry the risk' itself and not take out insurance through an insurance company." WIKIPEDIA, THE FREE ENCYCLOPEDIA, Self-Insurance, 2019.

Furthermore, Plaintiff's "cause of action" is barred by the Statute of Limitations, as well as *res judicata*. The fee agreement was executed March 21, 2011 and Plaintiff's claim arose on August 19, 2013 (a matter of public record and part of Plaintiff's Creditor's Claim) when he filed his lawsuit (alleging breach of contract, among other things). The judgment in that lawsuit, after the contract cause of action was dismissed with prejudice, was for negligence. A copy is attached to Plaintiff's Creditor's Claim. Whether the applicable limitations period is four years for breach of contract (California Code of Civil Procedure §337) or three years for fraud (California Code of Civil Procedure §338), it lapsed long before Plaintiff field his Complaint herein on April 3, 2018. And the contract causes of action raised in the State Court action were all dismissed with prejudice.

### C. PLAINTIFF'S PROPOSED FOURTH CAUSE OF ACTION

Plaintiff's other proposed amendment to his complaint is his Fourth Cause of Action, titled "Unfair Business Practice In Violation Of Cal. Bus & Prof. Code §17200." This proposed cause of action is also futile and would be subject to a Rule 7012 motion. It purports to be based on a violation

2

of rule 3-300 of the California Rules of Professional Conduct.

For the same reasons as stated above concerning the proposed Second Cause of Action, this would also be barred by the Statute of Limitations and res judicata. But beyond that, California Rules of Professional Conduct do not give rise to a civil cause of action. Noble v. Sears, Roebuck & Co. (1973) 33 Cal. App. 3d 654; Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal. App. 3d 1324. They are only intended to establish the standards for members of the bar association for purposes of discipline. Ames v. State Bar (1973) 8 Cal. 3d 910, Rule 1-100 of Rules of Professional Conduct.

Defendant disagrees with Plaintiff's interpretation of Rule 3-300; but it is a moot point. Plaintiff cannot state a cause of action now, claiming that the 2011 fee agreement contained an improper provision. The proposed amendment would be futile and should be denied.

## D. **CONCLUSION**

Because Plaintiff's proposed amendments would be futile and merely delay a resolution to this adversary proceeding, for all the reasons stated above, Defendant respectfully requests that this Court exercise its discretion and deny the motion for leave to file the proposed Second Amended Complaint.

DATED: January 3, 2019

Respectfully submitted

Michael E. Stone, Defendant

3

DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO AMEND

\\10.1.10.22\stonefiles\Clients\Stone v Wong\Bankruptcy filings this case\Defendants Opposition To Motion Leave to amend 1-3-19.wpd

1 | Michael E. Stone, State Bar No. 046016
Leo B. Siegel, State Bar No. 116841
2 | STONE • SIEGEL LAW FIRM
1726 Seabright Avenue
3 | Santa Cruz, CA 95062
Telephone:    831-713-5773
4 | Facsimile:    831-713-5797

5 | Attorney for Defendant
Michael E. Stone

6

7

8 | UNITES STATES BANKRUPTCY COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN JOSE DIVISION

11

12 | In re                                              AP CASE NO. 18-05014 MEH

13 | MICHAEL E. STONE                        CERTIFICATE OF SERVICE

14 |             Debtor,
_____/
15 | KEITH TAI WONG

16 |             Plaintiff,
        v.
17
MICHAEL E. STONE, KATHERINE
18 | LEFFLER, and JONATHAN LEFFLER,

19 |             Defendants.
_____/
20

21 |         STATE OF CALIFORNIA          )
                                                      ) ss
22 |         COUNTY OF SANTA CRUZ     )

23 |         I, the undersigned, declare:

24 |         I am a citizen of the United States and resident of the County of SANTA CRUZ, I am over
the age of eighteen (18) years and not a party to the within action.  My business address is 1726
25 | Seabright Ave., Santa Cruz, CA 95062.

26

27 |         On **January 3, 2019**, I served the within documents:

28 |         **DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO AMEND**

1

CERTIFICATE OF SERVICE
\\10.1.10.22\stonefiles\Clients\Stone v Wong\Bankruptcy filings this case\COS Oppo2Mtn2Leave 1-3-19.wpd

By the following means:

[X] **(BY MAIL)** By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

Sam Taherian                                    Charles Green
The Fuller Law Firm                             84 W. Santa Clara Street, Suite 800
60 No. Keeble Ave.                              San Jose, CA 95113
San Jose, CA 95126

[ ] **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof by facsimile transmission from, facsimile 831-713-5797 to the interested parties to said action at the facsimile number(s) shown below.

[ ] **(BY HAND-DELIVERY)** By causing a true copy thereof to be delivered by hand at _____ in _____, California.

[ ] **(BY OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, with deliver charged to be billed to Law Office Of Michael E. Stone to be delivered by Express Mail, U.S. Postal Services, to the address(es) shown below.

**SEE SERVICE LIST BELOW**

**COURT SERVICE LIST**

**ELECTRONICALLY MAILED TO ECF REGISTERED PARTICIPANTS:**

THE BANKRUPTCY COURT: UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
280 South First Street, 3rd Floor
San Jose, CA 95113

EXECUTED ON **January 3, 2019**, at Santa Cruz, California.

(Federal) I declare under penalty of perjury under the laws of the State of California that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

_____
Camilla J. Corvin

2