

The following constitutes the order of the Court.
Signed: August 6, 2020

_M. Elaine Hammond_
_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

Michael E. Stone,

            Debtor.

Keith Tai Wong,

            Plaintiff.

v.

Michael E. Stone,

            Defendant.

Case No. 18-50095 MEH

Chapter 7

Adv. No. 18-05014

Video Trial
Date:     July 29, 2020
Time:    9:00 a.m.

## ORDER AFTER TRIAL

Plaintiff Keith Tai Wong seeks to have $35,000 of his judgment against Defendant Michael E. Stone exempted from discharge pursuant to 11 U.S.C. § 523(a)(2). The matter came on for evidentiary hearing by video proceeding on July 29, 2020 and was taken under submission at the conclusion of the hearing.

This court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

1

Exemption of debt from discharge:

Prior to Stone's bankruptcy filing, Wong sued Stone in state court and obtained a judgment in the amount $448,529.94 following a jury trial. In the state court action, Wong presented four alternate causes of action to the jury on the same evidence. As noted by Judge Helen Williams, the judge in the state court action, "the different causes of action were different theories of recovery to the same end." (Def Exh D). Following trial, the jury found in favor of Wong on three causes of action and in favor of Stone on the remaining cause of action.

The special verdict issued by the jury establishes that the jury found:[1]

- Wong established the necessary requirements for intentional misrepresentation by Stone and awarded Wong damages of $35,000.
- Found in Stone's favor on the cause of action for concealment.
- Wong established the necessary requirements for negligent misrepresentation by Stone and awarded Wong damages of $15,000.
- Wong established the necessary requirements for professional negligence by Stone and awarded Wong damages of $448,529.94. The professional negligence special verdict form is the only one to tie negligence to specific facts (i.e., causing Keith Wong to lose a valid creditor's claim in the Estate of Alina Wong or ability to collect some or all of the settlement payments from the Jason Lin foreclosure case). The jury answered yes for both factual predicates.

After dismissal of the jury, the parties determined that the jury verdict was ambiguous in that it was unclear whether the three amounts awarded should be added together, as Wong proposed, or that the $35,000 and $15,000 awards were included in the $448,529.94, as Stone proposed. The state court then issued an Order Setting a Hearing on the Form of Judgment and for Briefing (Def Exh D). In the order, Judge Williams observed "that the $35,000

---

[1] The Special Verdict was not entered as an exhibit at trial, but was referenced by the parties in Stone's prior motion for summary judgment. Neither party has disputed the authenticity or admissibility of the Special Verdict. The purpose of this evidentiary hearing was to determine how the Special Verdict was incorporated into the Judgment.

2

awarded on the intentional misrepresentation cause of action is a discernable amount – the exact amount Wong requested 'in monies loaned to Jason Lin,' i.e., the amount of the total Lin settlement proceeds not paid in the end to Keith Wong." Based on the special verdict form Judge Williams also found it "clear that the jury found Stone liable in damages on this aspect of Wong's professional negligence claim." Her order also noted that neither counsel provided the jury instruction form "designed to help avoid juror confusion in filling out the damages table" when multiple causes of action are to be decided with potential damages.

A hearing on the form of judgment was held December 15, 2017 (Def Exh E). At the hearing, Judge Williams and Wong's counsel, Mr. Ackerman, primarily discussed interpretation of the jury's special verdict. Ackerman stated that he believed the award of approximately $448,000 included the $35,000 identified by the jury for intentional misrepresentation damages, plus one half of the damages sought for the lost amount on the loan for the San Tomas property with interest. He further stated that if the court believed the $448,000 amount includes the $35,000, then it should not be added in again, as Ackerman initially sought.[2]

Based on the special verdict form, the state court order, and the hearing transcript I find that Judge Williams determined that the jury found Stone liable for $35,000 in damages based on intentional misrepresentation and professional negligence. As Wong was only entitled to a single award of $35,000 in damages associated with lost recovery based on the Jason Lin note, the $448,529.94 designated for professional negligence was determined to incorporate the $35,000 award for intentional misrepresentation. It follows that the judgment for $448,529.94 includes $35,000 for intentional misrepresentation by Stone. The jury's findings that Stone committed both intentional misrepresentation and professional negligence are consistent with this determination.

The analysis then turns to whether the jury's findings to establish intentional misrepresentation by Stone satisfy the requirements of § 523(a)(2)(A). Section 523(a)(2)(A)

---

[2] Treatment of the $15,000 was also discussed at the hearing but that issue is not relevant to this adversary proceeding.

3

excepts a debt from discharge for money, property, or services "to the extent obtained by false pretenses, a false representation, or actual fraud." Wong bears the burden of establishing by a preponderance of the evidence that the debt should be exempt from discharge. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991).

Stone argues that § 523(a)(2) does not apply because the $35,000 was not for money, property, or services obtained by him but for money obtained by Wong's sister because Stone named her as plaintiff in the Lin lawsuit. "[I]n *Cohen v. de la Cruz*, the Supreme Court held that the reach of § 523(a)(2)(A) is not limited to the amount of benefit received by the debtor. Rather, § 523(a)(2)(A) 'prevents the discharge of all liability arising from fraud.' 523 U.S. at 215, 118 S.Ct. 1212. Following Cohen, [the Ninth Circuit] concluded that there is no requirement that the debtor 'have received a direct or indirect benefit from his or her fraudulent activity in order to make out a violation of § 523(a)(2)(A).'" *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010). As such, the fact that Stone did not receive a benefit from the suit does not preclude a finding that § 523(a)(2)(A) applies.

The special verdict form makes clear that the facts found by the jury for intentional misrepresentation under California law are identical to the requirements for § 523(a)(2)(A). In the state court action, the jury specifically found that (1) Stone made a false representation to Wong, (2) Stone knew that the representation was false, or that the representation was made recklessly and without regard for its truth, (3) Stone intended for Wong to rely on the representation, (4) that Wong reasonably relied on the representation, and (5) Wong's reliance on Stone's representation caused harm in the amount of $35,000 to Wong. *See American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996); *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir. 1996).

Judicial Estoppel:

Stone asserts that judicial estoppel bars Wong from obtaining a non-dischargeable judgment. This doctrine prevents a party from gaining an advantage in litigation by asserting a claim in a legal proceeding that is inconsistent with a claim that party prevailed upon in a

4

prior proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Judicial estoppel is intended to protect the integrity of the judicial process and is subject to the discretion of the court. *Id.* at 750.

In determining whether to apply the doctrine, a court should first consider whether a party's later position is "clearly inconsistent" with its prior position. *Id.* Second, the court should look to whether the party succeeded in having a court accept its earlier position, such that judicial acceptance of the later position would indicate that either court was misled. Third, the court should consider whether the party "seeking to assert an inconsistent position [will] derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. Additional considerations may determine if the doctrine should apply.

The Ninth Circuit requires the first court to have "accepted" the inconsistent position. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F. 3d 778, 783 (9th Cir. 2001). In bankruptcy, the granting of a discharge constitutes acceptance of the accuracy of the schedules. *Id.* at 784. If applicable, the estoppel prevents the debtor from prosecuting or otherwise enjoying the unscheduled property. *Id.* at 783.

As the party asserting judicial estoppel, Stone bears the burden of proof.

Stone asserts judicial estoppel should apply based on Wong's failure to disclose in his 2005 bankruptcy schedules interests in real property located in San Jose and Cupertino, and a 2004 promissory note. Wong obtained a Chapter 7 discharge in the case.

Wong's interests in the real property are not relevant here, as no evidence was provided that they relate to the intentional misrepresentation claim pursued in the state court. But the failure to disclose a promissory note relates to the judgment Wong now relies upon.

In 2004, a promissory note in the amount of $150,000 and a related deed of trust were issued identifying Wu, Teng Shou as the obligor/ trustor and Ha Huynh and Naomi Wong as the trustees (Exh H-5). Mr. Wu is also known as Jason Lin ("Lin"). At the time the promissory note was issued, Lin was Wong's brother-in-law. Naomi Wong and Ha Huynh are the sister and brother of Wong.

5

Wong initially retained Stone around 2008-2010 to pursue a judicial foreclosure against Lin based on the promissory note and deed of trust. Stone filed the suit in the name of Wong's sister, Naomi, since she was on the Note and Deed of Trust. During the judicial foreclosure action, a mandatory settlement conference resulted in a settlement that was placed on the record. After the settlement was reached, a dispute arose between Wong and Naomi regarding the settlement proceeds. Because of the conflict between clients, Stone withdrew as counsel. Naomi later hired alternate counsel, pursued an action over the settlement proceeds, and received a portion of them.

After trial in the state court action, Judge Williams' order stated "that the $35,000 awarded on the intentional misrepresentation cause of action is a discernable amount – the exact amount Wong requested 'in monies loaned to Jason Lin,' i.e., the amount of the total Lin settlement proceeds not paid in the end to Keith Wong." Thus, there is a direct line between the promissory note Wong failed to schedule and the $35,000 portion of the judgment that Wong seeks to exempt from discharge.

Applying the judicial estoppel factors, Wong's initial position in his 2005 bankruptcy case that he did not have an interest in the 2004 promissory note is clearly inconsistent with his having established in the state court trial that he had an interest in the promissory note for which he was entitled to additional settlement proceeds. It is this latter position that Wong now uses to establish a $35,000 debt that is exempt from discharge. Thus, I find the first factor is met.

As to the second factor, Wong filed a chapter 7 bankruptcy on October 11, 2005 (Case No. 05-57295). Schedule B requires the disclosure of all personal property and is submitted under penalty of perjury. Wong's Schedule B makes no reference to the 2004 promissory note. As a result, the Chapter 7 trustee was not informed of this asset and not provided with an opportunity to investigate and determine whether it was an asset that should be liquidated for the benefit of the estate. On January 3, 2006, debtor obtained a discharge. As recognized in *Hamilton*, the granting of a discharge constitutes acceptance in the bankruptcy context. However, in a subsequent review of judicial estoppel and bankruptcy the Ninth Circuit also

6

cautioned against applying a *presumption* of deceit. *Ah Quin v. County of Kauai Dept. of Transp.*, 733 F. 3d 267, 276-77 (9th Cir. 2013). Instead, the court advised that "[t]he relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules." *Id.* at 277. At trial, Stone questioned Wong on whether he informed his bankruptcy attorney in 2005 about the Lin note. Wong testified that he did not remember – some version of this was Wong's answer to most questions. But, since the bankruptcy filing occurred 15 years ago, and the promissory note did not identify Wong as obligor, Wong's knowledge and intent cannot be inferred based on the failure to schedule the note.

Turning to the third factor, the 2004 promissory note that was not disclosed in the 2005 schedule is the root of the claim against Stone. But the jury found liability based on intentional misrepresentation for acts that occurred after entry of discharge. Stone and Wong did not meet until three to five years after Wong's bankruptcy. In *Ah Quin*, the court recognized that if deceit occurred, the more appropriate result may be reopening the bankruptcy case for investigation. If grounds for recovery are found, then the creditors of the bankruptcy estate shall benefit, whereas judicially estopping Wong's claim against Stone provides no remedy to the parties harmed by a failure to disclose.

Reviewing the Supreme Court's factors, only the first consideration is satisfied. As such, Stone has not met his burden to establish judicial estoppel should apply.

Accordingly, contemporaneous with this order the court will issue a judgment providing that $35,000 of the state court judgment obtained by Wong against Stone is exempt from discharge pursuant to § 523(a)(2)(A).

**END OF ORDER**

7

Case: 18-05014    Doc# 86    Filed: 08/06/20    Entered: 08/07/20 10:36:01    Page 7 of 8

**COURT SERVICE LIST**

All ECF Recipients